**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dirk Olsen HOLST, Defendant–Appellant.**

No. 00–30320.

D.C. No. CR–92–60007–MRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided Oct. 4, 2001.

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM *

Dirk Olsen Holst appeals an order of the district court denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Holst contends that the district court erred by failing to apply Amendment 484 of the U.S. Sentencing Guidelines ("USSG") to his case. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Although Holst's sentence was based on three drug-quantity determinations, the district court relied primarily on the production capacity of the beer keg in denying Holst's motion to reduce his sentence.[1] Where there is " 'no drug seizure or the amount seized does not reflect the scale of the offense,' the sentencing court is allowed to 'approximate the quantity of the controlled substance.' " *United States v. Basinger*, 60 F.3d 1400, 1409 (9th Cir. 1995) (quoting USSG § 2D1.1, cmt. n. 12). The sentencing court therefore may "calculate 'potential' methamphetamine based on seized precursor chemicals" or rely on "expert testimony that estimates production capability, even when the expert must assume the availability of precursor chemicals that were not seized or were found in short supply." *Id.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them here.

The government witness estimated that the beer keg would yield nine kilograms of methamphetamine, and the defense expert witness estimated that the yield would be between 3.87 and 4.5 kilograms. The district court therefore correctly reasoned that Amendment 484 would not alter Holst's sentence.[2] Moreover, even if Holst is correct that the 7.5–gallon figure on which the production capacity of the beer keg was based was "arrived at in a manner that is inherently imprecise," *United States v. Scheele,* 231 F.3d 492, 499 (9th Cir.2000), the district court found the government witness to be credible, and there was not a lower figure in the record on which the district court could have relied in imposing Holst's sentence. The court therefore did not abuse its discretion in denying Holst's motion. *See United States v. Sprague,* 135 F.3d 1301, 1304 (9th Cir.1998) (reviewing for an abuse of discretion the district court's denial of a motion under 18 U.S.C. § 3582(c)(2)). The judgment of the district court is therefore

AFFIRMED.

---

2. Under the 1991 version of the Guidelines under which Holst was sentenced, a determination of 3 to 10 kg of methamphetamine results in a base offense level of 34. USSG § 2D1.1(c) (1991).

